Daniel F. Fears,, Bar No. 110573
Laura Fleming, Bar No. 219287
Sean A. O'Brien, Bar No. 133154
Randy R. Haj, Bar No. 288913
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212
E-Mail: dff@paynefears.com
lf@paynefears.com
sao@paynefears.com
rrh@paynefears.com

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIRIA DE LA TORRE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRY GROUPS, LLC, a Delaware limited liability company, and DOES 1 through 20, Inclusive,<br><br>Defendants. | Case No. 21 9187<br><br>[Removed from Los Angeles County Superior Court, Case No. 21STCV38335]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>[Supporting Declarations Filed Concurrently Under Separate Cover]<br><br>Trial Date: None Set |

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF SIRIA DE LA TORRE AND HER COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that Defendant ABM Industry Groups, LLC hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Siria De La Torre ("Plaintiff") and Defendant ABM Industry Groups, LLC ("ABM" or "Defendant").

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3. Defendant is now, and was at the time this action was commenced, a citizen of the States of Delaware and Texas within the meaning of 28 U.S.C. section 1332.

4. Plaintiff's Complaint, on its face and based on the evidence presented herein, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of Defendant receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

6. On or about October 21, 2021, Plaintiff filed an action against Defendant titled "*Siria De La Torre,, an individual, Plaintiff vs. ABM Industry*

*Groups, LLC, a Delaware*" in the Superior Court of the State of California, County of Los Angeles, Case No. 21STCV38335 (the "State Court Action").

7. Thereafter Plaintiff served the Complaint on ABM through it registered agent for service of process on October 29, 2021. A true and correct copy of the Summons and Complaint (as well as other accompanying court documents) served on ABM in the State Court Action through its registered agent is attached to the **Declaration of Sean A. O'Brien ("O'Brien Decl.") at ¶¶s 2-3, Exhs. A & B, attached thereto.**

8. In her Complaint, Plaintiff alleges the following causes of action: (1) Disability discrimination under the FEHA; (2) Retaliation under the FEHA; (3) Failure to prevent discrimination and retaliation; (4) failure to provide reasonable accommodation process in violation of the FEHA; (5) failure to engage in good faith interactive process in violation of the FEHA; (6) Wrongful Termination in Violation of Public Policy; (7) failure to pay all wages (Labor Code §§ 201, 1194); (8) failure to provide meal and rest breaks (Labor Code §§ 226.7, 512); (9) failure to provide itemized wage statements (Labor Code § 226); (10) waiting time penalties (Labor Code §§ 201-203); and unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.* (*Id.*)

9. On November 16, 2021, Defendant ABM filed an Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of Defendant ABM's Answer to Plaintiff's Complaint is attached to the **O'Brien Decl. at ¶ 4, Exh. C.**

10. The Summons and Complaint, Proof of Service, and the Answer, are the pleadings, process, and orders filed and served upon or by Defendant ABM in the State Court Action.

## III. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT

11. The Complaint, and each alleged cause of action contained therein, may be properly removed on the basis of diversity jurisdiction in that this is a civil

action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A. Plaintiff is a Citizen of the State of California

12. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of U.S.C. § 1332(a); she resided in Los Angeles County, California, which is located within the State of California. *See* **Compl. at ¶ 2**; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

13. While "[r]esidence alone is not the equivalent of citizenship … the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Hester v. Horowitz*, No. 14-00413 JMS-KLP, 2015 WL 127890, at *2 (D. Haw. Jan. 8, 2015) ("Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile."). It is presumed that a natural person's residence is also her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *State Farm,* 19 F.3d at 519; *Lew*, 797 F.2d at 751.

14. Moreover, Plaintiff alleges that all the acts committed against her giving rise to her Complaint were committed inside Los Angeles County, California. *See* **Compl. at ¶ 1.**

15. Upon review of Plaintiff's personnel file, Plaintiff has represented herself as having been a resident of Los Angeles County since at least 2018—the date of her hire by Defendant. *See* **Declaration of Henry Penado ("Penado Decl."), at ¶¶s 1-3.**

16. Upon information and belief, Plaintiff is a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be

proven unless challenged." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227-28 (9th Cir. 2019) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016)) (brackets in original).

### B. Defendant is a Citizen of the States of Delaware and Texas

17. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

18. Defendant is now and was at the time this action was filed a citizen of the States of Delaware and Texas within the meaning of 28 U.S.C. § 1332. Defendant is incorporated in Delaware and has its principal place of business in Texas. **See Declaration of Allison Nelson, at ¶¶s 1-3;** *see also* **Caption of the Compl.**

19. Plaintiff is a citizen of the State of California, and was not a citizen of Delaware or Texas when she filed the state court action and when this Petition and Notice was filed. Thus, complete diversity exists between Plaintiff and Defendant.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

20. The jurisdictional minimum amount that must be in controversy, $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

21. Defendant discusses the allegations below solely to demonstrate that

the amount in controversy in this matter exceeds $75,000. Defendant denies that Plaintiff is entitled to any damages, and Defendant denies that Plaintiff can recover on any of her theories of recovery. The below estimates of the amount placed in controversy by Plaintiff do not constitute an admission by Defendant as to Plaintiff's actual damages, if any. Defendant reserves all affirmative defenses and arguments as it relates to Plaintiff's alleged damages.

22. The Ninth Circuit employs the following framework for determining the amount in controversy on removal. First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy. *Id.*; *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003). "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted).

23. Before Removal, on November 1, 2021, Defendant ABM served on Plaintiff's counsel a Request for a Statement of Damages. After receiving no response from Plaintiff's counsel to the Request for Statement of Damages, ABM's counsel followed up with an email, dated November 17, 2021, to counsel for Plaintiff re non-response to Request for Statement of Damages and/or alternative request to stipulate that amount in controversy in action is less than $75,000. As of the date of the filing of this Petition ABM has still not received any response from Plaintiff's counsel either to the initial Request for a Statement of Damages, or the

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

request to stipulate that the amount in controversy is less than $75.000.[1] *See* **O'Brien Decl., at ¶¶s 5-7, Exh. D.** For this reason, Defendant provides its own estimate of Plaintiff's alleged damages, below.

24. Plaintiff's Complaint alleges and seeks to recover: (1) "compensatory damages including lost wages, loss of future earnings capacity, commissions and other employee benefits;" (2) statutory damages; (3) "general damages for mental pain and anguish and emotional distress." *See* **Compl. at ¶¶s 30-33; Prayer at ¶ 1**.

25. Plaintiff's Complaint also explicitly alleges compensation for (1) missed meal and rest breaks in the specific amount of $4,992.00; (2) failure to provide accurate wage statements in the specific amount of $4,000.00; (3) waiting time penalties in the specific amount of $4,950.00; (4) punitive damages; and (5) "costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis."[2] *See* **Compl., at ¶¶s 106-107, 109, 116, 121-122; Prayer at ¶¶s 3-4, 8, 11**.

26. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir.

---

[1] Courts in the Central District have found that such a refusal weighs in favor of a determination that the amount in controversy exceeds $75,000. *See Zambrano v. Rite Aid Corp.*, No. 18-9227-MWF (JEMx), 2019 WL 1466744, *4 (C.D. Cal. April 3, 2019); *Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *5 ("Plaintiffs' refusal to stipulate to damages of $75,000 or less, while not determative, is persuasive"); *Sawyer v. Retail Data, LLC*, No. SACV 15–0184 JVS (RNBx), 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (same).

[2] Again, Defendant discusses below the allegations in Plaintiff's Complaint solely to demonstrate that the amount placed in controversy by Plaintiff in this matter exceeds $75,000. Defendant denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to prove any of her theories of recovery.

1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

27. Additionally, as the Ninth Circuit has clarified, "the amount in controversy is not limited to damages incurred prior to removal-for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414-415.

28. Courts within the Central District of California have repeatedly interpreted the Ninth Circuit's holding in *Chavez* to mean that all lost wages from the time of the individual's termination *up through the date of trial* must be considered part of the amount in controversy. *See, e.g., Beltran v. Procare Pharm., LLC*, No. 2:19-cv-08819-ODW (RAOx),2020 WL 748643, at *3 (C.D. Cal. Feb. 14, 2020); *Fisher v. HTNB Corp.*, No 2:18-cv-08173-AB-MRW, 2018 WL 6323077, at *4-*5 (C.D. Cal. Dec. 3, 2018); *Calhoun v. Consolidated Disposal Serv., LLC*, No. CV 19-2315 MWF (MRWx), 2019 WL 2522677, at *3 (C.D. Cal. Jun. 18, 2019); *see also Molina v. Target Corp.*, No. CV 18-03181-RSWL-FFM, 2018 WL 3935347, at *3 (C.D. Cal. Aug. 14, 2018); *Zambrano, supra*, 2019 WL 1466744, at *3.

### A. Alleged Economic/Compensatory Damages And Penalties

29. In her Complaint Plaintiff alleges that she was discriminated, retaliated against, and wrongfully terminated because of an alleged disability suffered while working for ABM. Plaintiff also alleges that she is entitled to lost wages, future earnings, and other employment related benefits caused by her wrongful discharge, punitive damages, each of which alone, is "in excess of the jurisdictional amount of the [Superior] Court." *See* **Compl. at ¶¶s 22-33.**

30.  For purposes of determining the amount in controversy, "[i]f a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that she will actually recover them." *Chavez*, 888 F.3d at 417. Accordingly, "[w]here, as here, a plaintiff's complaint at the time of removal claims wrongful termination resulting in lost future wages, those future wages are included in the amount in controversy." *Id.* at 418.

31.  Plaintiff started working for Defendant on or about March 7, 2018, and continued to work until about August 5, 2018 (when ABM records indicate she stopped working completely). (**Penado Decl. at ¶ 3.**) She also claims to have been wrongfully terminated by ABM "in or around" January 2020. She alleges she was a full time, non-exempt employee making $12/hr. (*See* **Complaint at ¶¶s 17-19.**) Her time and payroll records shows she stopped working in early August 2018 (*See* **Penado Decl., ¶¶s 3-5.**)

32.  Asuming these allegations and facts to be true, a full time non-exempt janitorial or housekeeping employee (not counting overtime), would work approximately 2000 hours per year (*i.e.*, 40 hours a week x 50 weeks), or approximately 167 hours a month (2000 hours/12 months). From August 2018 through December 2019, is approximately 18 months, or 3,006 hours for a full time employee. During that time period, Plaintiff reasonably could have made **$36,072** (3,006 hours x $12.00/hr.) in lost wages and earnings based on working full time, according to the allegations in her Complaint.

33.  Adding the period after which she claims to have been wrongfully terminated (*i.e.*, Janaury 1, 2020 to November 30, 2021, the later which is the date of removal), increases lost wages by another 23 months or 3,841 scheduled work hours. This increases lost earnings and wages by another **$46,092** (3,841 hours x $12.00/hr.), again, according to the allegations in Plaintiff's complaint. This

-9-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

estimate does not include any overtime scheduled, annual hourly pay raises Plainitff may have been eligible to receive each year in 2020 and 2021. (*See* **Penado Decl. at ¶ 5.**)

34. And, at the time this case is removed, it is statistically likely to be resolved at trial in September 2023 (or approximately 21 months from the date of removal),[3] Plaintiff could reasonably incur an **additional $42,084** **in lost future wages** (167 hours x 21 months x $12.00/hr.), based on the allegations in Plaintiff's complaint.

35. Accordingly, based on the allegations in Plaintiff's Complaint, the lost past and future wages claimed by Plaintiff "at issue" in this case, up to the date of trial, total **$124,248** ($36,072 + $46,092 + $42,084).

36. The calculation of the amount in controversy goes even higher when adding the wage and hour claims and penalties being asserted. Statutory penalties that inure to the individual plaintiff are also included in calculating the amount in controversy. *Collier v. ULTA Salon, Cosmetics & Fragrance, Inc.*, No. CV 18-8700-R, 2018 WL 6567695, at *3 (C.D. Cal. Dec. 12, 2018) (holding $10,000 mandatory civil penalty under Labor Code sec. 1102.5 sought by plaintiff should be included to calculate amount in controversy); *Bloomer v. Serco Management Services, Inc.*, No. EDCV 16-1655 JGB (RAOx), 2016 WL 4926409, *2 (Sept. 15, 2016) ($20,000 in statutory civil penalties sought under section 1102.5(f) included in calculating amount in controversy).

37. Plaintiff is seeking at least several statutory penalties under the Cal. Labor Code, which she claims will total another **$13,942**. (*See* **Complaint at ¶¶s 116, 106-107, 109, 121-122.**). Should Plaintiff prevail on her wage and hour claims,

---

[3] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, as of June 30, 2021, the median time from filing a civil action in federal court to final disposition of the action through trial is 20.8 months. *See* **O'Brien Decl., at ¶ 8, Exh. E.** Defendant ABM requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence, Rule 201.

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

she will undoubtably seek this additonal amount in penalties.

38. Accordingly, the lost wages and penalties placed at issue by Plaintiff in this matter total at least **$138,190** ($124,248 + $13,942).

### B. Alleged Emotional Distress Damages Component.

39. The emotional distress component of Plaintiff's alleged damages also must be considered in determining whether the amount in controversy requirement has been established. *Kroske*, 432 F.3d at 980. "Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("[T]he vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").

40. Plaintiff's own Complaint sets a floor of at least another $25,000 in emotional distress damages. Specifically she alleges that *"Plainitff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisidcitonal amount of this Court."* **See Compl. at ¶ 32 (emphasis added).** Based on this allegation and demand, Defendant can ascertain that Plaintiff is demanding at least $25,000 for emotional distress. *See generally* Cal. Code Civ. Proc. § 85 (setting limited civil cases under $25,000 in value).

41. In addition, to establish the amount in controversy, particularly with respect to emotional distress damages, a defendant also may rely on jury verdicts in cases involving similar facts. *Kroske*, 432 F.3d at 980.

42. Emotional distress damages, if proven, can be significant in employment cases involving alleged disability discrimination or retaliatory termination. *See, e.g., Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability

discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum"); *Campbell v. Nat'l Passenger R.R. Corp.*, 2009 WL 692094 (N.D. Cal., Mar. 3, 2009) (awarding $120,000 in non-economic damages). Indeed, the Northern District of California concluded that the $75,000 amount in controversy requirement was satisfied in *Rodriguez v. Home Depot USA, Inc.*, 2016 WL 3902838, *5 (N.D. Cal. July 19, 2016) due to emotional distress damages alone, reasoning as follows:

> Defendant Home Depot has similarly satisfied its burden regarding emotional distress damages in this case. The cases it cites, while not perfectly analogous, show that emotional distress damages in cases involving retaliatory termination may be substantial. For example, in *Kolas v. Access Business Group*, 2008 WL 496470 (Cal. Superior Jan. 14, 2008), a jury awarded $200,000 in emotional distress damages based on a claim that the plaintiff was fired based on his age and disability and in retaliation for filing a workers' compensation claim for a herniated disc he sustained on the job. In *Liemandt v. Mega RV Corp.*, a jury awarded $385,000 in pain and suffering damages to a plaintiff who alleged that he was wrongfully terminated due to his age when he returned to work following a massive heart attack. 2011 WL 2912831 (Cal. Superior Ct. Feb. 4, 2011). … [Accordingly], the Court finds based on the awards in the retaliatory termination cases discussed above that Home Depot has demonstrated that if Rodriguez prevails in this action, her emotional distress damages more likely than not will exceed $75,000.

43. Indeed, courts in this district have readily found that emotional distress damages in single plaintiff employment case, alone, routinely exceed $75,000. *Stainbrook v. Target Corp.*, No. 2:16-CV-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016) (citing cases therein). Specific jury verdicts in employment

-12-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

cases in California indicate that awards well in excess of the jurisdictional requisite have been awarded to plaintiffs (including short-term employees with minimal or no economic damages) in cases with facts similar to this case. *See, e.g.*:

- *Burton v. Pulmocare Respiratory Servs.*, CIVDS1509192, 2016 WL 6833211 (Cal. Super. Ct.) (San Bernardino County Superior Court Case No. CIVDS1509192; verdict date of October 26, 2016): $396,735. The plaintiff informed her employer she was pregnant. The employer attempted to convert the plaintiff to part-time, and when she protested, the employer terminated her. The plaintiff's complaint included causes of action for pregnancy discrimination, retaliation, failure to prevent discrimination based on pregnancy, and wrongful termination. The jury granted the plaintiff $275,000 for pain and suffering.

- *O'Brien v. Dennis E. Baca d/b/a Baca Properties*, RG-13-681132; 2015 WL 8545647 (Cal. Super.) (Alameda County Superior Court Case No. RG-13-681132; verdict date of June 19, 2015): $1,325,000. Plaintiff was a relief manager for an airport self-storage facility who alleged that when she became pregnant, her supervisor began to discriminate against her, harass her, retaliate against her, and was ultimately terminated. The jury found for the plaintiff, and awarded a seven-figure verdict with $300,000 in pain and suffering damages.

44. Thus, if Plaintiff is able to prove her FEHA and wrongful termination claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury could award, at least in excess of $25,000, and more likely over $75,000, for emotional distress damages alone. (Of course, Defendant denies that Plaintiff is entitled to any such amounts or has suffered any emotional and mental distress.)

### C. **Puntitive Damages Component**

45. Plaintiff also seeks punitive damages, *see* **Complaint at ¶ 33 (again in excess of the Court's jurisidctional amount); Prayer for Relief ¶ 8**. Again, an award of punitive damages could easily exceed the $75,000 threshold by itself. *Meija v. Parker Hannifin Corp*, CV 17-8477-MWF (RAOx), 2018 WL 582325, at *4 (C.D. Cal. Jan. 26, 2018).

46. Other cases in this district have noted that punitive damages awards in Southern California often exceed the jurisdictional amount. *See Sawyer v. Retail Data, LLC*, No. CV 15-184-JVS (RNBx), 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (holding amount in controversy requirement met partly because defendant "cite[d] to similar recent Orange County and Los Angeles County employment discrimination cases where plaintiffs were awarded from $50,000 to $7.5 million in punitive damages"); *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *4 (accepting defendant's argument that punitive and emotional distress damages alone could exceed $75,000 because punitive damages are often calculated as a multiplier of compensatory damages); *Mitri v. Walgreen Co., Inc.*, No. 10CV00538(AMI), 2011 WL 7447636 (E.D. Cal. Nov. 15, 2011) (jury awarding $1.15 million in punitive damages in whistleblower suit similar to this one; see also *Ko v. The Square Grp.*, 2014 WL 8108413 (Los Angeles Superior Ct., June 16, 2014) (a Los Angeles jury awarded the plaintiff $500,000 in punitive damages based on a wrongful termination claim); *Daoud v. Smith's Food & Drug Ctrs., Inc.*, No. BC124485, 1996 WL 526059 (Los Angeles Superior Ct., June 18, 1996) (awarding $75,000 for punitive damages in wrongful termination suit).

### D. **Attorneys' Fees Component**

47. Where an underlying statute authorizes an award of attorneys' fees, such potential fees also may be included in calculating the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here,

Plaintiff seeks "attorneys' fees" and "costs of suit incurred." *See* **Compl., at ¶¶s 44, 55, 60, 72, 79, 86; Prayer for Relief at ¶ 11.**

48. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No.CV 18–1608–MWF (MRWx), 2018 WL 2146403, at *11 (C.D. Cal. May 9, 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, Case No. 18-cv-01801-JSC, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

49. Here, assuming that just an average amount of pre-trial discovery, trial preparation, and trial attendance occurs in this case, a potential attorneys' fees award will likely exceed the $75,000 jurisdictional threshold regardless of any other claimed damages. Multiple courts have recognized that single-plaintiff suits such as this one easily generate over $100,000 in attorneys' fees. *See, e.g., Ponce v. Med. Eyeglass Ctr., Inc.*, No. 2:15-cv-04035-CAS (JEMx), 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015) (collecting cases); *Lippold v. Godiva Chocolatier, Inc.*, No. C 10-00421 SI, 2010 WL 1526441, at *4 (N.D. Cal. Apr. 15, 2010) (same).

50. At a minimum, this case is likely to accrue at least $30,000 in

attorneys' fees. Multiple courts in this district have recognized that in single-plaintiff cases similar to this one, attorneys are likely to accrue at least $30,000 in attorneys' fees (100 hours of attorneys' time multiplied by a $300 hourly rate). *See, e.g., Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *6 (C.D. Cal. Sept. 26, 2019) (In an order denying a motion to remand, explaining "[a] number of courts have held that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases."); *Stainbrook v. Target Corp.*, 2016 WL 3248665, at *5 (applying same rate and hours) ; *Sasso v. Noble Utah Long Beach*, LLC, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (same).

51. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V. REMOVAL IS TIMELY

52. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when Defendant, through its registered agent, was served with the Summons and Complaint. 28 U.S.C. § 1446(b)(1); *Lerma*, 2011 WL 2493764, at *2. **See O'Brien Decl., at ¶ 3, Exh. B attached thereto.**

## VI. CONCLUSION

For the reasons stated above, this Court has jurisdiction under 28 U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy more than likely exceeds $75,000, exclusive of interest and costs. Accordingly, Defendant may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

-16-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

DATED: November 23, 2021

PAYNE & FEARS LLP
Attorneys at Law


By:    */s/ Sean A. O'Brien*
           SEAN A. O'BRIEN

Attorneys for Defendant
ABM INDUSTRY GROUPS, LLC

4856-6075-4180.1

## PROOF OF SERVICE

**De La Torre v. ABM Industry**
**USDC Central Case Number 21-9187**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On November 23, 2021, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C 1331 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Ramin R. Younessi, Esq.<br>LAW OFFICES OF RAMIN R. YOUNESSI A PROFESSIONAL LAW CORPORATION<br>3435 Wilshire Boulevard, Suite 2200<br>Los Angeles, California 90010 | Attorney for Plaintiff, Siria De La Torre |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmacarthur@paynefears.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 23, 2021, at Irvine, California.

/s/ Debbie A. MacArthur
Debbie A. MacArthur

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100